IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KENNI L. ESCOBAR CHANG,<br>A 206-007-090, | § § § | |
| *Petitioner*, | § § | |
| VS. | § § | CIVIL ACTION NO. SA-25-CV-1259-FB |
| KRISTI NOEM, Secretary of the United States Department of Homeland Security; MIGUEL VERGARA, Field Operations Director of the San Antonio Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; PAMELA BONDI, Attorney General of the United States; BOBBY THOMPSON, Warden, South Texas Detention Complex; All Acting in Their Official Capacities, | § § § § § § § § § § § § § § | |
| *Respondents*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Report and Recommendation of United States Magistrate Judge filed in the above styled and numbered cause on December 8, 2025 (docket #21). According to the CM/ECF system, the Report and Recommendation was served by electronic transmission on December 8, 2025. To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016."). In this case, United States Magistrate Judge Bemporad shortened the time period for the filing of objections to seven (7) days due to the deprivation of liberty at issue and the recommendation that Petitioner be released.

In the Report, United States Magistrate Judge Henry J. Bemporad recommends that Petitioner's Petition for Writ of Habeas Corpus (docket #1) be GRANTED IN PART, and that Respondents be ORDERED to release Petitioner from their custody immediately upon his payment of a $10,000 bond, subject to the same conditions ordered by his Immigration Judge on July 22, 2025. (*See* docket #1-1, at pages 4–7.)[2] With respect to Petitioner's request for attorney's fees under the EAJA, Judge Bemporad recommends that the Petition for Writ of Habeas Corpus (docket #1) be DENIED.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Petitioner's Petition for Writ of Habeas Corpus (docket #1) shall be GRANTED IN PART, such that Respondents be ORDERED to release Petitioner from their custody immediately upon his payment of a $10,000 bond, subject to the same conditions ordered by his Immigration Judge on July 22, 2025 (s*ee* docket #1-1, at pages 4–7), and Petitioner's request for attorney's fees under the EAJA (docket #1) be DENIED.

Accordingly, it is hereby ORDERED that the Report and Recommendation of the United States Magistrate Judge filed in this cause on December 8, 2025 (docket #21), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Petitioner's Petition for Writ of Habeas Corpus (docket #1) is GRANTED IN PART, such that Respondents are HEREBY ORDERED to release Petitioner from their custody

---

[2] Three conditions which are specifically mentioned on page 7 state that Respondent: "(1) must not operate a motor vehicle without a valid driver's license; (2) must present a valid government-issued identification document to DHS prior to release from custody; and (3) must not work in the U.S. without valid employment authorization."

immediately upon his payment of a $10,000 bond, subject to the same conditions ordered by his Immigration Judge on July 22, 2025 (s*ee* docket #1-1, at pages 4–7), and Petitioner's request for attorney's fees under the EAJA (docket #1) is DENIED.

Motions pending, if any, are also DISMISSED, and this case is CLOSED.

It is so ORDERED.

SIGNED this 17th day of December, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE